**Dr. Barry FREEMAN, an individual, Plaintiff–Appellant,**

v.

**COUNTY OF ORANGE, by and through the Orange County Sheriff's Department a government entity; Byron Moldo, court-appointed receiver; Marc Friedman, an individual; Rebecca Friedman, an individual, Defendants–Appellees.**

No. 14-56511

United States Court of Appeals, Ninth Circuit.

Submitted August 31, 2016 *
Pasadena, California

Dow Wakefield Patten, Esquire, Attorney, Smith Patten, Los Angeles, CA, for Plaintiff–Appellant

Susan Eileen Coleman, Esquire, Senior Litigation Attorney, Martin Kosla, Burke, Williams & Sorensen, LLP, Los Angeles, CA, for Defendant–Appellee County of Orange

Howard Camhi, Attorney, Ervin Cohen & Jessup LLP, Beverly Hills, CA, for Defendant–Appellee Byron Moldo

Before: SILVERMAN, FISHER and WATFORD, Circuit Judges.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MEMORANDUM \*\*

Dr. Barry Freeman appeals the district court's dismissal of his 42 U.S.C. § 1983 and negligence claims against a receiver appointed by a California family court.[1] The district court concluded it lacked subject matter jurisdiction under *Barton v. Barbour*, 104 U.S. 126, 131, 26 L.Ed. 672 (1881). We affirm.

Freeman argues *Barton* applies only to receivers appointed by federal courts, not state family courts. This argument is both unsupported and unpersuasive. *Barton* itself concerned a receiver appointed by a Virginia state court being sued in the District of Columbia. *See Barton*, 104 U.S. at 126–27.

Freeman's argument that his failure to obtain leave to sue from the appointing state court is not a jurisdictional failing is likewise unpersuasive. *Barton* held federal courts are without jurisdiction to entertain suits against receivers without permission from the appointing court. *See Barton*, 104 U.S. at 131–32, 136–37; *Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1216–17 (9th Cir. 2009). Therefore, the district court properly treated this failure as a jurisdictional defect.

We need not decide whether the statutory exception to *Barton* set out in 28 U.S.C. § 959(a) applies to receivers appointed by state courts because Freeman has not stated a claim under that section. All of Freeman's claims concern the validity of the receivership. Such a challenge is not the type of traditional torts claim covered under the § 959(a) exception. *See In re Crown Vantage, Inc.*, 421 F.3d 963, 972

1. The district court also dismissed Freeman's claims against the County of Orange, Marc Friedman and Rebecca Friedman. Freeman did not contest those orders, however, and they are not the subject of this appeal.

(9th Cir. 2005); *see also Med. Dev. Int'l*, 585 F.3d at 1218–19. Further, even if Freeman's negligence claim fell under § 959(a), there is no good reason for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

Finally, the receiver did not act ultra vires. Unlike the receiver in *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967), the receiver in this case proceeded according to the orders of the appointing court. Allowing Freeman to challenge those orders would go against the central purpose of *Barton*, which is to prevent one court from usurping the powers of another. *See Barton*, 104 U.S. at 136. We are without jurisdiction to do so.

**AFFIRMED.**

The unopposed motions of Appellee Byron Z. Moldo to take judicial notice of various state judicial proceedings, filed May 29, 2015 and April 27, 2016, are **GRANTED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.